UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MASON ORTEGEL,<br><br>   Plaintiff,<br><br>v.<br><br>VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, et al.,<br><br>   Defendants. | Case No. 7:22-cv-00510-EKD |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Mason Ortegel hereby moves for leave to file a First Amended Complaint, attached hereto as Exhibit A. The grounds for this motion are as follows:

1. During a March 17, 2023 Hearing on Defendants' Motion to Dismiss (Dkt. No. 6), this Court indicated that Plaintiff would likely be permitted to amend his Complaint by adding specific factual allegations before the Court rules on Defendant's Motion to Dismiss.

2. The new factual allegations Plaintiff seeks to add in the First Amended Complaint are as follows:

  a. Specifically, at the time Defendant Polidoro appointed Defendant Dilworth, the Title IX Office at Virginia Tech (and therefore Defendant Polidoro) had already been informed by email of the foregoing statements by Defendant Dilworth.

    b. On October 15, 2021, another accused student (who happened to be black) at Virginia Tech formally challenged Defendant Dilworth's objectivity on the basis of the foregoing racist and sexist statements by Defendant Dilworth (evidenced by screenshots of these statements).

    c. In response to this challenge, on October 19, 2021, Virginia Tech removed Defendant Dilworth from that student's hearing panel.

    d. Because Defendant Polidoro is the official with the authority to remove Title IX hearing panel individuals, it follows that she must have given the authorization to remove Defendant Dilworth, or knowingly authorized another member of her staff to do so.

    e. Accordingly, Defendant Polidoro not only knew of Defendant Dilworth's statements, but she also considered them sufficiently biased to warrant removal in another sexual misconduct case concerning a black female accuser and an accused black male.

    f. Nevertheless, despite removing Defendant Dilworth from a black accused student's hearing panel, Defendant Polidoro appointed Defendant Dilworth to be chair of Mr. Ortegel's hearing panel on or around December 8, 2021.

3. Rule 15(a)(2) provides that leave to amend a pleading should be "freely give[n]…when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, the Supreme Court has held that motions to amend are to be granted in the absence of a "declared reason"

to the contrary, "such as undue delay, bad faith or dilatory motive...repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party...futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

4. The Fourth Circuit essentially recognizes three reasons to deny leave to amend: prejudice to nonmovant, bad faith by movant, or futility. See e.g., *Int'l. Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 420 (4th Cir. 2000) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 (4th Cir. 1999)). The Fourth Circuit also holds that a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice or evidence of dilatoriness is not a sufficient justification for denial. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

5. There is no prejudice to Defendant; nevertheless, Defendants have communicated through counsel that they do not consent to this motion. If this motion is granted, Defendants will certainly renew their motion to dismiss. The Court can then resolve that motion on its merits.

6. There has been no undue delay in filing this motion, as Plaintiff files the motion soon after the Court indicated that it would likely permit Plaintiff to file his amended complaint. The newly pleaded information provides good-faith grounds to assert additional factual allegations regarding Defendants' bias and discrimination towards Plaintiff.

7. The amendments are not futile. The additional factual allegation provides further proof of discrimination and bias towards Plaintiff by Defendants.

For the foregoing reasons, Plaintiff requests that the Court grant leave for Plaintiff to file his First Amended Complaint, attached hereto.

Dated: March 31, 2023                              Respectfully submitted,

*/s/ Benjamin North*
Benjamin North (VSB No. 97439)
Lindsay R. McKasson (VSB No. 96074)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
ben@binnall.com
lindsay@binnall.com

*Counsel for Plaintiff Mason Ortegel*

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will cause a copy to be sent to all counsel of record.

Dated: March 31, 2023　　　　　　　　　　*/s/ Benjamin North*
　　　　　　　　　　　　　　　　　　　　Benjamin North (VSB No. 97439)

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Mason Ortegel*