CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **MASON ORTEGEL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:22-cv-510 |
| | ) |
| **VIRGINIA POLYTECHNIC INSTITUTE** | ) |
| **AND STATE UNIVERSITY, et al.,** | ) |
| | ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the stipulation of the parties by their respective attorneys, it is **ORDERED** that:

1. The purpose of this Order and agreement is to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

2. This Order governs the handling of all documents, testimony and information produced, given or filed herein by the parties and designated or considered "CONFIDENTIAL" under this order.

3. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information. This Order shall not expand or otherwise provide protection to information that is in the public domain and/or otherwise discoverable via request under the United States and/or Commonwealth of Virginia Freedom of Information Acts and/or through any other legitimate, ethical, and legal means. The fact that information is or is not designated "CONFIDENTIAL" under this Order shall not determine what a trier-of-fact may find to be

1

confidential or proprietary.

4. Any party may designate as "CONFIDENTIAL" any materials produced in this action, including any document, any answer to interrogatories or other discovery requests in this action, or any portion of any deposition (including exhibits) in this action, that contain any confidential, proprietary, personal, or similar information as such materials have been protected by the Courts (i.e., medical records, tax records, non-public financial records, records disclosing or describing jail operations, policies and procedures, in circumstances where the confidentiality of such is necessary for public safety, security-implicating jail photos, schematics, close up depictions of locking mechanisms, and proprietary or trade secret documents). The designation of any information or document as "CONFIDENTIAL" shall be made in good faith and, as noted below, such designation may be subject to objection as referenced below.

5. Any non-party in receipt of a valid and properly served subpoena duces tecum may designate as "CONFIDENTIAL" any materials produced in response to said subpoena as set forth in paragraph 4 above. Any non-party subpoenaed to testify in this matter may designate any portion of any deposition (including exhibits) in this action as "CONFIDENTIAL" as well.

6. Parties may designate materials as confidential by writing, typing or stamping the word "CONFIDENTIAL" (or words to that effect) on the face of any materials, so that it is not touching, obscuring or otherwise obliterating the information contained in the document, upon their initial production to the opposing party.

7. The parties may designate deposition testimony or portions thereof as "CONFIDENTIAL" by so designating such testimony before or after the deposition, but in no

event later than twenty-one (21) days from the date on which the deposition was taken. The parties may request that any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order. Copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, except that they may be delivered to attorneys of record.

8. In the event such "CONFIDENTIAL" material is later introduced into evidence or considered by the Court, neither the designation "CONFIDENTIAL" nor the fact of such designation shall be admitted into evidence or considered by the Court, other than for the Court's consideration of disputes under this Order. Any documents marked "CONFIDENTIAL" that are admitted into evidence and/or relied upon and referenced by the Court in any opinion granting or denying a motion dispositive of any claim or defense asserted in the case shall lose the protection provided in this order absent further order of the Court to the contrary.

9. In the event materials are produced herein which, in a party's opinion, should have been, but were not, designated as "CONFIDENTIAL," such party may designate such material as "CONFIDENTIAL" by notifying counsel for all parties of this designation as soon as possible. Upon receipt of such notification, all parties shall treat such materials as "CONFIDENTIAL," and attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents been designated as "CONFIDENTIAL" to begin with.

10. Should a party object to the designation of material as "CONFIDENTIAL" that

3

party shall give written notice of such objection to the other party. Within seven (7) days, counsel shall confer to attempt to resolve such objections. If no resolution is reached, the party seeking to treat the document as confidential may apply to this Court for a ruling whether the material in question should be treated as "CONFIDENTIAL" under this Order. Pending the Court's ruling, the parties shall treat the document as "Confidential" as provided under this Protective Order.

11. Except under further Order of this Court, material designated or considered "CONFIDENTIAL" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to any person, except the Court (including the clerk's office), the trier of fact, the parties, counsel for the parties, their staff members, their professional and para- professional employees, and any experts associated by the parties regarding this action. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity. Prior to any such disclosure to an expert witness, counsel shall inform the expert of the provisions of this Order and obtain his or her written agreement to be bound by this Order (to which a copy of this Order shall be attached). Any "CONFIDENTIAL" documents that are presented to a witness during deposition or in preparation for deposition will retain the protection of this Protective Order despite this disclosure.

12. A party must comply with the requirements of Local Rule 9 when seeking to file documents under seal. However, prior to filing a motion to seal, the parties should confer and agree to appropriate redactions of the material as an alternative to asking the court to seal entire documents.

13. Inadvertent production of any document or material without a

designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

14. Upon final termination of this action, including any appeals, all material designated "CONFIDENTIAL" shall be destroyed as soon as possible, no later than 5 years after final termination of the action.

15. Nothing in this Order shall prevent a party from any use of his, her, or its own confidential documents.

16. This Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance, or privilege. Further, the provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered.

17. The parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order.

18. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of either party to challenge the propriety of discovery on other grounds.

19. Notwithstanding the foregoing provisions, Counsel shall have the right to

black- out or otherwise protect, prior to production, confidential personal information (i.e. addresses, phone numbers, Social Security Numbers, etc.), bank account numbers, and/or other proprietary or personal identification information, to the extent such personal information is believed, in good faith, to be immaterial to the discovery of relevant information.

20. The parties collectively anticipate that the Court will enter the Protective Order agreed to by the parties, and the parties plan to exchange documents in anticipation of the Order being entered. Any documents produced prior to the entry of the Order will be treated as if production followed the entry of the Order.

21. The Clerk is directed to send copies of this Order to counsel of record.

ENTERED: March 17, 2025

The Honorable C. Kailani Memmer
United States Magistrate Judge