IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| MASON ORTEGEL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 7:22-cv-00510-EKD/CKM |
| | ) |
| VIRGINIA POLYTECHNIC | ) |
| INSTITUTE AND STATE | ) |
| UNIVERSITY, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**

Jason C. Greaves, VSB No. 86164
Lindsay R. McKasson, VSB No. 96074
Katie L. Raymond, *pro hac vice*
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
lindsay@binnall.com
katie@binnall.com

*Counsel for Plaintiff Mason Ortegel*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

BACKGROUND ............................................................................................................1

ARGUMENT ................................................................................................................2

   I.    The Evidence Is Irrelevant Under Federal Rules of Evidence 401 and 402 .....2

   II.   Even If Arguably Relevant, the Evidence Should Be Excluded Under Federal
       Rule of Evidence 403 ..................................................................................3

   III.  The Evidence Constitutes Impermissible Propensity Evidence Under Federal
       Rule of Evidence 404(b) ...............................................................................4

CONCLUSION .............................................................................................................5

CERTIFICATE OF SERVICE ......................................................................................6

i

# TABLE OF AUTHORITIES

### Cases

*Bateman v. Therapeutic Innovations, Inc.*, Civil Action No. 7:05-cv-40060, 2007 U.S.

  Dist. LEXIS 9070, at *4-5 (W.D. Va. Feb. 8, 2007).....................................................4

*Hott v. VDO Yazaki Corp.*, CIVIL ACTION NO. 94-00064-H, 1996 U.S. Dist. LEXIS

  16728, at *3 (W.D. Va. Nov. 6, 1996)...........................................................................3

*Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 748, 761 (W.D. Va. 2004) ........................2

### Rules

Fed. R. Evid. 402 ............................................................................................................2

Fed. R. Evid. 403 ........................................................................................................1, 3

Fed. R. Evid. 404(b)(1) ...................................................................................................4

Fed. R. Evid. 404(b)(2) ...................................................................................................4

This motion seeks to preclude Defendants from introducing or referencing any evidence concerning unrelated allegations of misconduct involving Siena Dellicarpini, and any evidence concerning investigations, proceedings, disciplinary actions, sanctions, findings, or outcomes conducted outside Virginia Tech's Title IX disciplinary process at issue in this case, including but not limited to those by the United States Army.

Such evidence is irrelevant to the claims in this lawsuit, which focus solely on Defendants' discriminatory disciplinary process under Title IX and the Equal Protection Clause in connection with an alleged incident on August 21, 2021, involving Ms. Roe. These external investigations or proceedings operated under separate authorities, rules, standards, and decision-makers from Virginia Tech's Title IX process and were never part of, integrated into, investigated, adjudicated, or referenced within Virginia Tech's Title IX disciplinary proceedings against Mr. Ortegel.

This evidence has no probative value as to the claims regarding the Title IX process and poses a substantial risk of unfair prejudice, confusion of the issues, and misleading the jury. Even if arguably relevant, it should be excluded as improper propensity evidence, and under the balancing test of Federal Rule of Evidence 403.

## BACKGROUND

This action arises from Defendants' handling of a Title IX complaint against Mr. Ortegel stemming from an alleged incident on August 21, 2021, involving Ms.

1

Roe. Mr. Ortegel alleges that Defendants violated Title IX by engaging in a discriminatory disciplinary process tainted by anti-male bias, deprived him of due process, and discriminated against him on the basis of sex in violation of the Equal Protection Clause of the Fourteenth Amendment.

Investigations or proceedings conducted outside Virginia Tech's Title IX disciplinary process, such as those by the United States Army, are wholly separate and distinct. They do not involve the Title IX procedures, standards, or decision-makers at issue, and they do not implicate Defendants' conduct in the Title IX process or the equal protection claims in this case.

## ARGUMENT

### I.    The Evidence Is Irrelevant Under Federal Rules of Evidence 401 and 402.

The evidence of these external investigations or proceedings is irrelevant under Federal Rules of Evidence 401 and 402. Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. *See Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 748, 761 (W.D. Va. 2004).

These external investigations or proceedings bear no relation to the core issues in this case: whether Defendants' handling of the August 21, 2021 incident within the Title IX process violated Title IX through anti-male bias, deprived Mr. Ortegel of due process, or constituted sex-based discrimination under the Equal Protection Clause.

2

Their separate nature, different governing rules and authority, and lack of any connection to the Title IX disciplinary record render them immaterial. Introducing this evidence would not make any fact of consequence more or less probable and should be excluded as irrelevant.

## II.    Even If Arguably Relevant, the Evidence Should Be Excluded Under Federal Rule of Evidence 403.

Under Rule 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. *See Hott v. VDO Yazaki Corp.*, CIVIL ACTION NO. 94-00064-H, 1996 U.S. Dist. LEXIS 16728, at *3 (W.D. Va. Nov. 6, 1996).

Here, any minimal probative value is vastly outweighed by the risks. Evidence of these external proceedings is inflammatory and likely to inflame the jury's passions, evoking emotional responses unrelated to the merits of Mr. Ortegel's claims regarding the Title IX process. It would confuse the issues by diverting attention from Defendants' conduct in the Title IX process to separate disciplinary systems and could mislead the jury into evaluating Mr. Ortegel's character or conduct in other contexts rather than the specific allegations of discrimination and due process violations in the Title IX matter at issue. The prejudice is particularly acute in a case involving sensitive topics like sexual misconduct, where extraneous external disciplinary matters could unfairly taint the jury's perception of Mr. Ortegel and undermine a fair trial.

### III.    The Evidence Constitutes Impermissible Propensity Evidence Under Federal Rule of Evidence 404(b).

Rule 404(b) prohibits evidence of other crimes, wrongs, or acts to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character. Fed. R. Evid. 404(b)(1). Such evidence may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, but only if it satisfies the Rule 403 balancing test. Fed. R. Evid. 404(b)(2). "This type of prejudice would be unfair because rule 404(b) of the Federal Rules of Evidence prohibits the use of other acts to prove the character of a person in order to show action in conformity therewith." *Bateman v. Therapeutic Innovations, Inc.*, Civil Action No. 7:05-cv-40060, 2007 U.S. Dist. LEXIS 9070, at *4-5 (W.D. Va. Feb. 8, 2007).

Evidence of external proceedings would serve no permissible purpose under Rule 404(b). Instead, it would invite the jury to infer that Mr. Ortegel has a propensity for misconduct based on findings or actions in other contexts, leading them to punish him for conduct outside the Title IX process rather than adjudicating the specific claims in this trial concerning the Title IX process. This is classic propensity evidence and must be excluded. Even if Defendants argue a non-propensity purpose, the evidence fails under Rule 403 for the reasons stated above, as its prejudicial effect far outweighs any probative value.

4

## CONCLUSION

For the foregoing reasons, Mr. Ortegel respectfully requests that this Court grant this motion in limine and enter an order: (1) excluding any evidence, testimony, argument, or reference related to allegations involving Siena Dellicarpini, or investigations or proceedings outside Virginia Tech's Title IX disciplinary process at issue in this case; and (2) directing Defendants and their counsel not to mention, refer to, or attempt to elicit such evidence during trial without first obtaining permission from the Court outside the jury's presence.

Dated: April 13, 2026                                   Respectfully submitted,

                                                        */s/ Jason C. Greaves*
                                                        Jason C. Greaves, VSB No. 86164
                                                        Lindsay R. McKasson, VSB No. 96074
                                                        Katie L. Raymond, *pro hac vice*
                                                        BINNALL LAW GROUP, PLLC
                                                        717 King Street, Suite 200
                                                        Alexandria, Virginia 22314
                                                        Phone: (703) 888-1943
                                                        Fax: (703) 888-1930
                                                        jason@binnall.com
                                                        lindsay@binnall.com
                                                        katie@binnall.com

                                                        *Counsel for Plaintiff Mason Ortegel*

5

## CERTIFICATE OF SERVICE

I certify that on April 13, 2026, a copy of the foregoing was filed with the Clerk

of the Court using the Court's CM/ECF system, which will send a copy to all counsel

of record:

Katherine C. Londos
Nathan H. Schnetzler
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
Roanoke, Virginia 24006-1240
klondos@faplawfirm.com
nschnetzler@faplawfirm.com

Kay Heidbreder
M. Hudson McClanahan
Kristina J. Hartman
UNIVERSITY LEGAL COUNSEL
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, Virginia 24061
heidbred@vt.edu
hud3@vt.edu
kjhart06@vt.edu

*Counsel for Defendants*

*/s/ Jason C. Greaves*
Jason C. Greaves, VSB No. 86164

*Counsel for Plaintiff Mason Ortegel*