**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **MASON ORTEGEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 7:22cv510** |
| | ) | |
| **VIRGINIA POLYTECHNIC INSTITUTE** | ) | |
| **AND STATE UNIVERSITY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**

Defendant Virginia Polytechnic Institute and State University ("Virginia Tech"), by counsel, submits this response in opposition to Plaintiff's Motion in Limine.

Plaintiff seeks an order precluding Virginia Tech from referencing the United States Army's subsequent, independent investigation of Plaintiff that resulted in a finding of responsibility for the same conduct at issue in the Title IX matter at the heart of this case, as well as additional conduct that warranted disenrolling Plaintiff from the United States Army ROTC program and revocation of Plaintiff's scholarship.

Plaintiff's motion should be denied. Plaintiff affirmatively injected the United States Army's actions into this case through his allegations in the Amended Complaint and in his discovery responses. In addition, they are relevant as to whether Plaintiff suffered any discrimination as a result of the Title IX hearing decision.

**Argument & Authority**

In his Amended Complaint, Plaintiff alleged that "Following the erroneous finding against Mr. Ortegel, Virginia Tech transmitted the finding to the ROTC program . . . . As a result of the erroneous finding, Mr. Ortegel is no longer in good standing with the ROTC

629.0456\NHS
4928-4065-2451 .v1

program, and he lost his scholarship." ECF NO. 20, ¶¶ 100–101. In Count I of the Amended Complaint, Plaintiff alleged "Virginia Tech's Decision to discipline Mr. Ortegel and issue sanctions against him was motivated and caused by its bias against him on the basis of his male sex. There is no legitimate, nondiscriminatory reason for Virginia Tech's behavior." Id., ¶¶ 110–111.

In his interrogatory responses, Plaintiff brought the United States Army's actions further to the forefront of this litigation by stating the following:

- Since February 2022, I was disenrolled from the United States Army ROTC program and declared unfit to continue into a career of military service. See Plf.'s Resp. to Virginia Tech's Interrogs., *2–3.

- Since February 2022, I have been unable to continue my education. Id. at *3.

- Occupationally, as a result of the defendants' allegations, I have not been able to pursue my chosen career. I wanted to serve my country through military service and because of the defendants' allegations, I lost my ROTC scholarship and was prohibited from ever joining the military. Id. at *6.

- This incident also ended my pursuit of a career in the military Id. at *11.

- On September 15, 2022, I was notified by the Virginia Tech's Department of the Army ROTC that I was disenrolled from the ROTC program due to the findings of the Title IX investigation. [T]he United States [A]rmy decide[d] that I was unfit to keep my scholarship or serve in the military, I was disenrolled in the Army ROTC program. This information must have come from Virginia Tech. Id. at 13.

Throughout this case, Ortegel has sought to cast blame on Virginia Tech for the loss of his ROTC scholarship and disenrollment from the United States Army, which led him to decide to withdraw from Virginia Tech. Yet, at his deposition, he conceded that he completed the Spring 2022 semester at Virginia Tech, enrolled for the Fall 2022 semester, attended an ROTC summer program, and returned to campus to begin the Fall 2022 semester. See Ortegel Dep., 121:21–124:12. After the start of the Fall 2022 semester, the United States Army

629.0456\NHS
4928-4065-2451 .v1

notified Plaintiff of its intent to disenroll him and further proceedings ensued. At that point, Plaintiff withdrew from Virginia Tech because his "entire ability to go to college depended on the ROTC scholarship. With that being rescinded, [he] could no longer afford to go." See Ortegel Dep., 53:10–16.

## I. Standard of Review

"A motion in limine is a pretrial motion which requests that the court exclude inadmissible or prejudicial evidence before it is actually offered at trial." Gonzalez v. Seaworld Parks & Entm't., LLC, No. 4:20cv27, 2021 U.S. Dist. LEXIS 141256, at *2–3 (E.D. Va. July 28, 2021) (internal quotations omitted). Motions in limine "may be directed toward barring specific evidence or argument and may be based on any of the grounds available under the Federal Rules of Evidence." 3 James Wm. Moore, Moore's Federal Practice § 16.77(3)(d)(ii) (3d ed. 2013).

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." United States v. Verges, No. 1:13cr222, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). Such "[q]uestions of trial management are quintessentially the province of the district courts." United States v. Smith, 452 F.3d 323, 332 (4th Cir. 2006). But a motion in limine must be granted when the evidence "is clearly inadmissible on all potential grounds." Emkami v. Bolden, 241 F. Supp. 3d 673, 681–82 (E.D. Va. 2107) (internal quotations omitted).

## II. The U.S. Army's Investigation is Relevant

Plaintiff does not contend that the United States Army's investigation, findings, and sanctions are irrelevant. Rather, he contends that the probative value of the evidence is

629.0456\NHS
4928-4065-2451 .v1

substantially outweighed by the danger of unfair prejudice. As the Court acknowledged, however, the Army's independent investigation "breaks the causal chain." See ECF No. 30, *27 n.11. The fact that the United States Army—as well as multiple other independent, unbiased decisionmakers—found Plaintiff responsible for the very same conduct does not risk confusing the jury. Plaintiff contends he was wrongly found responsible by Virginia Tech because of alleged gender bias on the part of one of three Virginia Tech hearing officers, but the United States Army evidence demonstrates otherwise.

Furthermore, Plaintiff, by falsely insinuating that Virginia Tech caused the loss of his ROTC scholarship, affirmatively injected the issue of the United States Army's investigations, findings, and sanctions into this case. Indeed, by Plaintiff's own admission, the reason he withdrew from Virginia Tech was because the United States Army revoked his scholarship. The investigation and findings of the United States Army directly contradict Plaintiff's contention that the revocation of his scholarship had anything to do with the outcome of the Virginia Tech Title IX hearing.

As to Plaintiff's propensity evidence argument, that is a red herring. Defendants have no intention of arguing or suggesting that because Plaintiff either sexually assaulted or harassed another female cadet then he more likely than not assaulted the complainant in this case.  The United States Army's findings and sanctions support the finding of responsibility by the Virginia Tech Student Conduct hearing officers and Virginia Tech Corps of Cadets hearing officer, and demonstrate that Virginia Tech did not intentionally deprive him of an educational opportunity in violation of Title IX. Any deprivation of an educational opportunity was the result of the independent investigation and findings of the United States Army.

629.0456\NHS
4928-4065-2451 .v1

Finally, Virginia Tech has the right to cross examine Plaintiff about his statements, many of which were made under oath, regarding the loss of his scholarship and his decision to withdraw from Virginia Tech.

**<u>Conclusion</u>**

For the foregoing reasons, Virginia Tech respectfully request entry of an Order denying Plaintiff's motion in limine and granting Virginia Tech such further relief as the Court deems just and proper.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY

/s/ _____
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
        nschnetzler@faplawfirm.com

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
*heidbred@vt.edu*
M. Hudson McClanahan (VSB No.: 46363)
*hud3@vt.edu*
Kristina J. Hartman (VSB No.: 92279)
*kjhart06@vt.edu*
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060

- 5 -

Phone: (540) 231-6293
Fax: (540) 231-6474

*Counsel for Defendants*

629.0456\NHS
4928-4065-2451 .v1

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler
Nathan H. Schnetzler

629.0456\NHS
4928-4065-2451 .v1